UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STEVEN A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-cv-02333-RLJ |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY | ) |
| (WMATA), et al., | ) |
| | ) |
| Defendants | ) |

### JOINT MEET AND CONFER STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3, a meeting was held on the 9th day of January, 2006 via telephone conference and was attended by:

E. Gregory Watson, Esquire, as counsel for Plaintiff; and

Paul R. Pearson, Esquire, as counsel for Defendants WMATA, Logisticare, Inc., Logisticare Solutions, LLC, and Battle Transportation, Inc.

### Statement of the Case

This case arises out of a single car automobile accident which occurred on or about September 18, 2002 in the District of Columbia. The Plaintiff alleges that the operator of that vehicle was attempting to pass a school bus and ran into a curb. Plaintiff is claiming serious and permanent injuries as a result of that accident and seeks damages in the amount of $1,000,000.00.

Defendants deny that Plaintiff was injured as alleged and has raised the affirmative defenses of lack of duty, failure to mitigate damages, statute of limitations, and asserts that Plaintiff was not damaged or injured to the extent claimed by him.

This case is before this Court because there is complete diversity of citizenship pursuant to 28 U.S.C. Section 1332(a) and because this Court has concurrent jurisdiction for claims against the Washington Metropolitan Transportation Agency (WMATA) pursuant to D.C. Code Section 9-1107.01(81) making this case subject to removal to this Court pursuant to 28 U.S.C. Section 4141(b) and 28 U.S.C. Section 1446.

### **Report to Court**

Counsel discussed the matters set forth in Rule 16.3(c) and came to the following agreements:

1. No dispositive motions have been filed. Counsel is of the opinion that the case is not likely to be disposed of by dispositive motion

2. Any other parties shall be joined or the pleadings amended on or before July 1, 2006. Counsel agrees that it is likely some of the factual and legal issues can be agreed upon or narrowed upon the close of discovery.

3. Counsel agreed that the case should be assigned to a magistrate judge for all purposes, including trial.

4. Counsel cannot determine at this time if there is a realistic possibility of settling the case.

5. Counsel considered whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR) and agreed to discuss

ADR with their clients on or before the close of discovery and, if all parties agree, to establish a procedure for ADR.

6. Counsel cannot determine at this time if the case can be resolved by summary judgment or motion to dismiss. Counsel agrees that the deadline for filing dispositive motions shall be 30 days after close of discovery and the parties request that a hearing be held as to all such motions.

7. The parties stipulate do not stipulate to dispense with the initial disclosures required by Rule 26(a)(1), FRCP which shall be due by February 8, 2006. ( No changes should be made in the scope, form or timing of those disclosures as set forth in the Rule.)

8. The parties jointly propose to the Court the following discovery plan:

   A. All discovery including answers to interrogatories, document production, requests for admissions, and depositions shall be commenced in time to be completed by September 8, 2006.

   B. Maximum of 30 Interrogatories by each party to any other party. Responses due 30 days after service.

   C. Maximum of 10 depositions by each party.

   D. Disclosures concerning retained experts under Rule 26(a)(2) due:

   From Plaintiff by June 8, 2006.

   From Defendant by July 8, 2006.

   E. Depositions of experts shall be completed by the close of discovery as set forth in paragraph 8(A).

F. Disclosures regarding evidence from specially retained experts intended solely to contradict or rebut evidence due:

From Defendants by July 8, 2006.

From Plaintiff by August 8, 2006.

G. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

From Plaintiff by 20 days before Pretrial.

From Defendants by 15 days before Pretrial.

Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

H. The trial and/or discovery should not be bifurcated or managed in phases.

I. The pretrial conference herein shall take place on _____.

J. The Court shall set a firm trial date at the first scheduling conference.

DATED this 12th day of January, 2006.

Watson & Moran LLC

_____
E. Gregory Watson, Esquire
D.C. Bar No. 14398
8401 Corporate Drive, Suite 110
Landover, MD  20785
Counsel for Plaintiff

Law Offices of Roger S. Mackey

_____
Paul R. Pearson, Esquire
D.C. Bar # 386823
Law Offices of Roger S. Mackey
14008 ParkEast Circle
Chantilly, VA 20151
Counsel for Defendants