UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STEVEN A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cv-02333-DAR |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| (WMATA), et al., ) | |
| ) | |
| Defendants ) | |

**SECOND MOTION TO MODIFY SCHEDULING ORDER,
AND EXTEND DEADLINE TO IDENTIFY EXPERT WITNESSES**

Plaintiff, by and through counsel, hereby files this Second Motion To Modify Scheduling Order To Extend Deadline To Identify Expert Witness and in support thereof states as follows:

1. Plaintiff here was involved in an automobile accident wherein he suffered a closed head injury and other injures. Since the accident Plaintiff has been treated by a number of doctors and facilities both in Washington DC Metropolitan Area and in the State of Illinois.

2. While Plaintiff has cooperated with counsel, there are many occasions where communication has either not been possible or difficult, as a result of the medication Plaintiff takes and the impact of his injuries. This has impacted counsel's ability to completely ascertain all relevant medical providers and treatment. Counsel is still in the process of identifying and obtaining relevant medical records.

3. Further, given the number of medical providers and facilities which have been

**1**

involved in Plaintiff's medical care and Plaintiff's condition, it has been difficult determining whether Plaintiff actually needs to retain an expert witness.

4. Indeed, in the past two weeks, undersigned counsel has learned from the Central Illinois Service Access, Inc., a facility providing services to Plaintiff as a result of the accident, that they are in the process of arranging neurological tests and treatment. It is the undersigned's understanding that because this testing and treatment will be paid by the State of Illinois, there is a certification process that must be completed. Also, in the past two weeks, counsel for Plaintiff has just learned that Central Illinois Service Access, Inc. has contacted Dr. Qalabani of the University of Illinois Medical Center to complete the certification process. Once the certification process is complete the treatment will be scheduled.

5. It is imperative that counsel for the undersigned receive additional medical records and that said neurological testing occur in order for Plaintiff to determine whether an expert will be retained.

6. Plaintiff has suffered brain damage and other injuries as a result of the underlying accident due to no fault of his own. As a result, Plaintiff is unable to work, of very limited means and must exercise great prudence in determining, which, if any, expert will be retained. Further, it is essential that Plaintiff is allowed sufficient opportunity to determine the extent of his brain injury and to employ any expert needed to provide a medical opinion to the fact finder.

7. Allowing Plaintiff to complete the certification process so that the above referenced testing and treatment may occur prior to determining which, if any, expert will be retained is in the interests of justice and fairness. Plaintiff is at the hands of the certification process and must wait for the process to be completed before said testing and treatment may occur. Central Illinois Service

Access, Inc. has advised that they will take measures to expedite the process.

8. While Plaintiff understands that his requests for additional time to provide disclosures regarding retained experts will result in the scheduling order being modified, it is in the spirit of justice that modification of the current scheduling order occur.

9. As such, Plaintiff seeks a sixty day extension of time to identify his expert witness and provide required disclosures. Plaintiff further requests that the scheduling order be modified to accommodate said requests.

10. Defendants do not consent to the requests in this motion.

11. Moreover, Defendants will not be harmed or prejudiced by the granting of said extension of time and modification of the scheduling order

Wherefore, for the reasons stated herein, Plaintiffs request that the foregoing motion be granted.

Respectfully submitted,

/S/ E. Gregory Watson_____
Stephanie D. Moran, [DC Bar Number 471555]
E. Gregory Watson [MD14298]
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)

<u>Certificate of Service</u>

I hereby certify that the foregoing motion was served by electronic mail on counsel for Defendants on July 7, 2006 by electronic mail and/or forwarding same to:

>Paul R. Pearson, Esquire
>D.C. Bar # 386823
>Law Offices of Roger S. Mackey
>14008 ParkEast Circle
>Chantilly, VA 20151

/S/ E. Gregory Watson_____