UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STEVEN A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 05-cv-02333-DAR |
| WASHINGTON METROPOLITAN AREA | ) |
| TRANSIT AUTHORITY (WMATA); et al. | ) |
| | ) |
| Defendants | ) |

### REPLY TO SECOND MOTION TO MODIFY SCHEDULING ORDER

COME NOW your Defendants, by and through counsel and as and for their reply to Plaintiff's Second Motion to Modify Scheduling Order state the following:

1. This case arises out of an incident which occurred almost four years ago, [September 18, 2002] and suit was originally filed almost one year ago [September, 2005].

2. Discovery was served on Plaintiff almost six months ago [February 6, 2006] seeking information concerning Plaintiff's medical treatment and specifically asking about expert witnesses.

3. Additionally, several conversations have taken place between counsel for Defendants and counsel for Plaintiff concerning the need for additional medical information in order for Defendants to determine whether defense experts will be needed and, if so, in what specialties.

*Case No.: 05-cv-02333-DAR*

4.   Plaintiff's original deadline for identifying and providing information concerning expert witnesses was June 8, 2006. On the afternoon of June 8, 2006, Plaintiff's counsel left a voicemail message for defense counsel concerning an extension of time and then filed his first Motion to Modify Scheduling Order several hours later.

5.   That motion was granted and Plaintiff was given until July 8, 2006, as requested, to file disclosures related to his experts.

6.   On Friday, July 7, 2006, Plaintiff's counsel once again contacted defense counsel concerning another extension of time to identify experts, this time requesting an extension of 60 days which would, of necessity, affect discovery deadlines and the Pre-Trial date already established in this case.

7.   Defendants categorically deny that Plaintiff suffered brain damage as a result of the underlying accident.

8.   In the event such an injury was sustained and Plaintiff received treatment from "a number of doctors and facilities both in Washington, D.C. metropolitan area and in the State of Illinois", surely one of those doctors or facilities could have provided information necessary for Plaintiff to determine what, if any, expert will be retained for purposes of trial.

9.   If the Court is inclined to grant Plaintiff's motion, Defendants would ask that Plaintiff be required to file full disclosures by Friday, September 1, 2006, that Defendants have until Friday, October 6, 2006 to file disclosures and that Plaintiff be required to file disclosures pertaining to rebuttal by Friday, October 20, 2006.

10. While counsel for Defendants rarely opposes requests for an extension of time to disclose experts, or for other reasonable discovery requests, this case arises out of a minor incident (deflated tires but no other damage to the vehicle) which occurred almost four years ago and suit has been pending for almost one year. The Court may recall that an extended period of discovery was established at the first Status Conference in this case in order to accommodate the difficulties outlined by Plaintiff's counsel in the instant motion and we are no further along now than we were then.

        Respectfully submitted,
        Washington Metropolitan Area Transit Authority,
        Et al.
        By counsel,

/PRP/_____
Paul R. Pearson, Esquire
D.C. Bar # 386823
Law Offices of Roger S. Mackey
14008 ParkEast Circle
Chantilly, VA 20151
(703) 818-6925 Telephone
(703) 818-6931 Fax
Counsel for Defendants

Certificate of Service

I HEREBY CERTIFY that on the 12th day of July, 2006, I mailed a copy of the foregoing Reply to Second Motion to Modify Scheduling Order, first class mail, postage prepaid, to:

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran LLC
8401 Corporate Drive, Suite 110
Landover, MD  20785

/PRP/_____
Paul R. Pearson, Esquire