UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **STEVEN A. WILLIAMS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-cv-02333-DAR |
| | ) |
| **WASHINGTON METROPOLITAN** | ) |
| **AREA TRANSIT AUTHORITY, et al.** | ) |
| | ) |
|     **Defendants** | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO SIGN A MEDICAL RELEASE AUTHORIZATION

COMES NOW Defendant Battles Transportation, by counsel, pursuant to FRCP 37 and in support of its Motion to Compel Plaintiff to Sign a Medical Release Authorization states as follows:

**Facts**

1. Plaintiff seeks damages for personal injury alleged to have been incurred in the District of Columbia.

2. Subsequent to the occurrence on which this action is based, Plaintiff moved back to the state of Illinois, which is more than 100 miles from this Court.

3. Plaintiff has indicated that he has received additional medical treatment in Illinois for the injuries which are the subject of this case.

4. On or about February 6, 2006, Defendant propounded Request for Production of Documents to Plaintiff.

      2. Any and all medical reports of any kind whatsoever concerning the injuries allegedly sustained by you as a result of the incident giving rise to this litigation.

      In addition, Request 11 sought:

      11. The attached medical release authorization properly executed by you. **(a copy of said authorization is attached)**

      5. On or about March 7, 2006 Plaintiff's counsel objected to the requested medical release authorization as "too broad" and stated to Defendant's counsel that he would provide an authorization with language which would be acceptable to him. However, no such authorization has ever been provided.

      6. Thereafter Defense counsel did not receive copies of medical records from Plaintiff's Illinois treatment. The request for these medical records was renewed several times since then, most recently at the deposition of Mr. Williams which was taken on July 14, 2006. At deposition, Plaintiff indicated that the facilities which treated him in Illinois would include Memorial Medical Center, UIC, St. Johns Hospital and Northwestern University Hospital.

      At that time Ms. Moran, the attorney representing Plaintiff, indicated to counsel that she anticipated obtaining those records in the near future and would be providing them to defense counsel at that time. However, to date, no additional records have been received.

      7. Further, upon information and belief, prior to the accident giving rise to this litigation, Plaintiff was involved in other accidents or traumatic injuries for which he may have received treatment at one or more of the healthcare facilities referenced in paragraph 6 above. As Plaintiff has placed his physical and emotional condition issue, and is

alleging an ongoing and permanent brain injury as a result of the accident giving rise to this litigation, discovery of previous medical treatment is highly relevant, material, and critical to the defense of this claim.

On August 4, 2006, Defense counsel sent a letter to Plaintiff's counsel stating:

> Please let me know by close of business on August 8, 2006 if you are willing to have Mr. Williams sign an authorization so I may directly request records from the various healthcare facilities in Illinois or whether it will be necessary for me to put this down on the court's docket. As you know, the Scheduling Order currently in effect requires that all discovery shall be commenced in time to be completed by September 8, 2006 and that date is coming up very, very quickly

No response was received.

## ARGUMENT

FRCP 34 allows any party to serve on another party a request to produce any designated documents "which are in the possession, custody or control of the party upon whom the request is served." Medical records are uniquely within the control of the patient.

FRCP 37 provides that the Court may enter an order to compel compliance where Plaintiff has failed to cooperate in discovery.

**Plaintiff's failure to cooperate in discovery has rendered Defendant unable to obtain records which are relevant to the issue of Plaintiff's physical condition.**

There are only three means available to Defendant to obtain Plaintiff's medical records: the Plaintiff may produce them, this Court may issue a subpoena for them, or Plaintiff may sign a release authorization allowing the records to be provided to Defendant.

Plaintiff has repeatedly demonstrated an unwillingness or inability to produce medical records from providers outside the District of Columbia.

Since the records sought are located in Illinois, more than 100 miles from this Court, a subpoena for them will be of no effect, for it cannot be properly served pursuant to FRCP 45(b)(2) and may be quashed pursuant to FRCP45(c)(B)(3)(A).

Plaintiff has, until now, refused to sign the medical release authorization requested in February, 2006, and has not provided any authorization drafted by his counsel, as an alternative.

Thus Defendant has been deprived of all three means of obtaining these records, when it is within Plaintiff's power to provide access to them.

Further, Plaintiff's refusal has stymied the progression of this case in this Court by making it impossible for Defendant to complete all discovery by the September 8, 2006 deadline set forth in the Scheduling Order entered herein.

WHEREFORE Defendant prays the Court for entry of an Order compelling Plaintiff to sign the medical release authorization proffered by Defendant on February 6, 2006, and to return it to Defendant by a date certain, and for such further relief as the Court may deem just and proper.

        Respectfully submitted,

        /s/

        _____
        Paul R. Pearson, Esquire
        D.C. Bar # 386823
        Law Offices of Roger S. Mackey
        14008 Park East Circle
        Chantilly, VA 20151
        (703) 818-6925 Telephone
        (703) 818-6931 Fax
        Counsel for Defendant

<u>Certificate of Service</u>

    I HEREBY CERTIFY that on the 10th day of August, 2006, I served a copy of the foregoing, first class mail, postage prepaid, to:

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran LLC
8401 Corporate Drive, Suite 110
Landover, MD  20785
Counsel for Plaintiff

        /S/

        _____
        Paul R. Pearson, Esquire

# LAW OFFICES OF ROGER MACKEY

14008 Park East Circle
Chantilly, Virginia 20151
TEL: (703) 818-6930
FAX: (703) 818-6931
_____

*St. Paul Travelers Staff Counsel*

## CONSENT FOR RELEASE OF CONFIDENTIAL MEDICAL CARE INFORMATION

TO: _____
    _____
    _____

FROM:   Paul R. Pearson
        LAW OFFICES OF ROGER MACKEY
        14008 Park East Circle
        Chantilly, VA 20151

PATIENT:   **Steven A. Williams**   DOB: **3/19/66**   SSN: ▮▮▮▮▮▮▮▮

    You are hereby expressly authorized and directed to release to Paul R. Pearson, Esquire and the law firm of LAW OFFICES OF ROGER MACKEY, copies of all medical records concerning the examination and treatment of the above-listed patient including, but not limited, office records, notes, inpatient records, emergency and outpatient records, consultations, laboratory and other tests and reports, radiology films and reports, evaluations, correspondence, memoranda, billing and insurance records, and all other records or materials of any nature whatsoever concerning **Steven A. Williams.**

    A photocopy of this authorization form is as valid as the original.

    Any charge for photocopying will be paid by THE LAW OFFICES OF ROGER MACKEY.

    As the person signing this consent, I understand that I am giving permission to the above-named provider for disclosure of confidential health care records. I also understand that I have a right to revoke this consent, but that my revocation is not effective until delivered in writing to the person who is in possession of the records. A copy of this consent and a notation concerning the person(s) or agencies to which disclosure was made shall be included with the original records. I understand that these medical records are being released to THE LAW OFFICES OF ROGER MACKEY in connection with the ongoing legal claim I am prosecuting and I consent to the use/release of these records for use in this litigation, including, but not limited to, release to potential expert witnesses.

    This release does not authorize you to orally communicate any information concerning the above patient to THE LAW OFFICES OF ROGER MACKEY. This release is restricted to existing written documents and things only.

    This authorization will remain in effect for 180 days from the date executed or until revoked by me in writing.

Signature:_____
Date:     _____