UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STEVEN A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-cv-02333-DAR |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, et al. | ) |
| | ) |
| Defendants | ) |

**OPPOSITION TO PLAINTIFF'S**
**MOTION TO MODIFY SCHEDULING ORDER**

COME NOW your Defendants, by and through counsel, and as and for their opposition to Plaintiff's most recent (his fifth) Motion to Modify Scheduling Order state the following:

1. This case arises out of an incident which occurred four and one-half years ago (September 18, 2002)

2. Suit was originally filed one and one-half years ago (September 2005).

3. An Initial Scheduling Order was entered by the court over one year ago (February 2006) which mandated that Plaintiff's expert witness disclosure was due by June 8, 2006. Discovery was to be completed by September 8, 2006.

4. On the very day that Plaintiff was to identify his experts pursuant to said Order, a Motion to Modify Scheduling Order was filed seeking additional time to identify expert witnesses through and including July 8, 2006.

5. As noted in Defendant's reply to Plaintiff's first Motion to Modify Scheduling Order, several conversations had already taken place between counsel for the Defendants and counsel for Plaintiff concerning the need for additional medical information, which information should have been available to Plaintiff and Plaintiff's counsel at all times prior to and after filing suit.

6. Said Motion was granted and this Court entered a Minute Order mandating that Plaintiff's expert disclosures should be filed "no later than 7/8/06".

7. Instead of filing said expert designations, Plaintiff filed a Second Motion to Modify Scheduling Order on or about July 7, 2006 in which he again asserts the need to obtain medical records in order to retain an expert witness. This time Plaintiff sought an additional 60 days to identify his experts.

8. As noted in Defendant's Reply to Plaintiff's Second Motion to Modify Scheduling Order, the need for such medical records was well known to Plaintiff for quite some time and some records had already been obtained through the efforts of defense counsel (which were then provided to Plaintiff) but virtually no records have been provided to Defendants by the Plaintiff or Plaintiff's counsel throughout the pendency of this litigation.

7. Notwithstanding Defendant's opposition, Plaintiff's Motion was again granted in part and Plaintiff was required to identify all experts and file all reports and disclosures no later than September 1, 2006. That Order specifically provided that "no other deadlines or dates are extended by the instant Minute Order."

8. The Court may recall that during this time Defendants' counsel was trying diligently to obtain medical records from the Plaintiff's healthcare providers in Illinois and ultimately had to file a Motion to Compel Plaintiff to sign medical release authorizations. This Motion was granted and Plaintiff was ordered to execute Defendants' proposed Release within 10 calendar days of the date of entry of a Minute Order on September 7, 2006.

9. When Plaintiff failed to comply with the Court imposed deadline a Motion for Sanctions was filed by Defendants on September 20, 2006 which was subsequently withdrawn when Plaintiff finally provided signed authorizations on Monday, October 2, 2006. During this same time a Consent Motion to Modify Scheduling Order (Plaintiff's 3rd such Motion) was filed by Plaintiff seeking an extension of the deadlines and a modification of the Scheduling Order to include vacating the original pre-trial and trial date established by the court.

10. Again, this Consent Motion was granted and a Minute Order was entered providing for a completion of all discovery, both fact and expert, by November 9, 2006. It is important to note that this Order did not extend the time for Plaintiff to identify his expert witnesses (which, therefore, remained September 1, 2006).

11. Plaintiff subsequently filed another Motion to Modify Scheduling Order (his 4th such Motion) and to extend discovery and the deadline for identification of his expert witnesses on October 20, 2006. This Motion requested that the deadline for Plaintiff's identification of expert witnesses be extended until December 31, 2006.

12. A Minute Order was entered on November 3, 2006 granting Plaintiff's Motion for Extension of Time and Motion to Modify Scheduling Order.

13. During this time, subpoenas by counsel for Defendants resulted in medical records being provided by three of the four hospitals where Plaintiff had received treatment as identified by him during his deposition. Copies of all records were provided to Plaintiff's counsel with the understanding that reimbursement would be made for photocopying expenses. The first of these records were provided to Plaintiff's counsel on July 10, 2006 with a request for reimbursement in the amount of $34.84 (see letter of July 10, 2006 attached as Exhibit 1).

14. The second set of materials from the University of the District of Columbia were provided to Plaintiff's counsel by letter dated August 4, 2006 and counsel was reminded that no medical records had been provided by him and no authorization had been given to Defendants' counsel by that time. (A copy of said letter is attached as Exhibit 2.)

15. After several frustrating attempts to obtain medical records from the Illinois hospitals utilizing the generic consent form signed by Mr. Williams pursuant to the Court Order (with the hospitals indicating they needed their own forms signed) efforts were made to obtain Plaintiff's signature to facilitate the retrieval of these records. Numerous phone calls, e-mails and letters were sent to Plaintiff's counsel requesting that Mr. Williams sign and return such "hospital specific" forms but without success. (One such letter, dated October 27, 2006, is attached hereto as Exhibit 3).

16. When these efforts failed, counsel for Defendants (at significant expense) issued subpoenas for these records through the United States District Court for the Northern and Southern Districts of Illinois. Again, Plaintiff's counsel was advised of this effort and was further advised that copies of whatever documents were received in response would be provided to them at their expense. This was memorialized in a letter dated November 1, 2006 (a copy of which is attached as Exhibit 4.).

17. As promised, copies of records obtained from St. John's Hospital and Memorial Medical Center (consisting of a total of 2,479 pages) were provided to Plaintiff's counsel by letter dated December 29, 2006 with a request for reimbursement in the amount of $268.10. This letter also contained a reminder that reimbursement for the records provided in July 2006 in the amount of $54.84 had not yet been received. (A copy of said letter is attached hereto as Exhibit 5.) This letter also contained a request that Mr. Williams sign and return an authorization specific to the University of Illinois Medical Center since that facility steadfastly refused to comply with defense counsel's subpoena. A reply to that letter has never been received.

18. On or about January 9, 2007 defense counsel provided medical records from Northwestern Memorial Hospital in Chicago to Plaintiff's counsel along with a request for reimbursement in the amount of $80.09 and this letter contained a reminder that the specific authorization for the University of Illinois Medical Center had not been signed and returned. (A copy of this letter is attached as Exhibit 6). Again a

reply to this letter was never received and, to date, no reimbursement has been received for any of the copies provided to Plaintiff's counsel at any time.

19. It should be clear to the Court that, while defense counsel has made significant efforts to obtain medical documentation pertaining to this claim, there is no evidence of similar efforts by Plaintiff to obtain any such materials. Further, Plaintiff's last request was that he be given until December 31, 2006 to designate experts and he now seeks, some five weeks later, yet another extension to designate expert witnesses on the same date that he asks that discovery be closed.

20. While Defendants did consent to an additional 30 days for Plaintiff to obtain information specific to the "neurologic evaluation" conducted on or about January 24, 2007 and/or for Plaintiff's counsel to arrange that doctor's deposition, Defendants object to any other extension of discovery and/or designation of Plaintiff's experts. Plaintiff has been given repeated relief by this Court and has failed to comply with any deadlines imposed thus far but, instead, seeks one extension after another.

21. A granting of Plaintiff's present Motion, allowing him to identify experts by March 10, 2007 and close discovery the very same day (thus allowing no opportunity for Defendants to obtain discovery and/or depose any such experts) absolutely prejudices the Defendants' opportunity to properly prepare and defend this case. As noted, pre-trial is scheduled for April 10, 2007 and trial for May 21, 2007.

WHEREFORE, for the reasons stated above, your Defendants object to and oppose any further extension of discovery and the deadline for Plaintiff to identify expert witnesses.

Respectfully submitted,

/s/ Paul R. Pearson, Esquire
Paul R. Pearson, Esquire
D.C. Bar # 386823
Law Offices of Roger S. Mackey
14008 Park East Circle
Chantilly, VA 20151
(703) 818-6925 Telephone
(703) 818-6931 Fax
Counsel for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2007, I served via electronic mail a copy of the foregoing on:

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785

/S/ Paul R. Pearson
Paul R. Pearson, Esquire