UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. WILLIAMS,

   Plaintiff,

  v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, et al.,

   Defendants.

Civil Action No. 05-2333
DAR

## ORDER

The above-captioned action was referred to the undersigned for all purposes, the parties having consented to proceed before a United States Magistrate Judge for all purposes. The final pretrial conference is scheduled for April 10, 2007, and trial is scheduled to commence on May 21, 2007. In accordance with the October 20, 2006 order of the court, the deadline for Plaintiff to designate an expert witness was December 31, 2006, and the deadline for the completion of discovery was February 9, 2007. By a motion filed nearly six weeks after the deadline for Plaintiff to designate an expert witness, and on the date fixed by the court for the close of discovery, Plaintiff seeks an extension of time of 30 days to (1) depose the physician who conducted a January, 2007 neurological evaluation of Plaintiff; (2) depose "other medical professionals regarding the evaluation, including the expert witness identified by Defendants'; and (3) designate an expert witness. Plaintiff's Motion to Modify Scheduling Order, to Extend Discovery Deadlines for Thirty Days and Deadline to Identify Expert Witness ("Plaintiff's Motion") (Document No. 31) at 1-3. Defendants, in their opposition to the motion, state that

Williams v. WMATA, et al.                                                                                                              2

they consent to an extension of an additional 30 days for Plaintiff's counsel to obtain information regarding the January, 2007 evaluation and to arrange for the physician to be deposed; however, Defendants object to any further extension of discovery for any other purpose.  Opposition to Plaintiff's Motion to Modify Scheduling Order ("Defendants' Opposition") (Document No. 32) at 6-7.  Plaintiff did not file a reply to Defendants' opposition.

Upon consideration of Plaintiff's motion, Defendants' opposition thereto and the entire record herein, Plaintiff's motion will be denied.  As Defendants aptly observe, the pending motion for extension of discovery is the fifth such motion filed by Plaintiff since the court entered the initial scheduling order on February 2, 2006.  See Defendants' Opposition at 1.

Moreover, Plaintiff filed the pending motion nearly six weeks after the deadline for him to designate an expert witness.  See id. at 6.  A motion made after the expiration of a deadline must be supported by a showing of "excusable neglect[.]" Fed.R.Civ.P. 6(b)(2).  However, Plaintiff, in his motion, neither acknowledges nor addresses this standard; instead, Plaintiff suggest simply that the requested extension "is in the spirit of justice" and that "[n]o party will be harmed or prejudiced" by the granting of the requested extension.  Plaintiff's Motion at 3.  Nor does Plaintiff proffer any circumstances from which "excusable neglect" could be inferred; rather, Plaintiff relies almost entirely upon the representation that his counsel has been waiting to receive medical records which were not subpoenaed until November, 2006.  Id. at 2-3.  Accordingly, the undersigned is unable to find that the pending motion for extension of the deadline for him to designate an expert witness is supported by the requisite showing of "excusable neglect."  See Fed.R.Civ.P. 6(b)(2).  Even were the court to disregard this standard, it is evident that a further extension of the deadline would necessitate a continuance of both the

Williams v. WMATA, et al.                                                                                                            3

final pretrial conference and the trial, thereby frustrating the court's case management objectives. *See Hubbard v. Potter,* Civ.A.No. 03-1062, 2007 WL 604909, at *2 (D.D.C. February 22, 2007) (citation omitted) ("In managing discovery[,] . . . district courts are required to balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties.").[*]

It is, therefore, this 6th day of March, 2007,

**ORDERED** that Plaintiff's Motion to Modify Scheduling Order, to Extend Discovery Deadlines for Thirty Days and Deadline to Identify Expert Witness (Document No. 31) is **DENIED,** except with respect to Plaintiff's request that he be allowed an additional 30 days in which to take the deposition of the physician who conducted the January, 2007 neurological evaluation.

March 6, 2007                                                                          /s/
                                                                                             DEBORAH A. ROBINSON
                                                                                             United States Magistrate Judge

---

[*] The request to extend discovery to afford Plaintiff an opportunity "to . . . depose other medical professionals . . . including the expert witness identified by Defendant" was made on, rather than after, the date of the close of discovery. However, the court is unable to find that Plaintiff has satisfied the less onerous "good cause" standard with respect to this request, since Plaintiff offers no explanation of the grounds of his request. See Plaintiff's Motion at 2, ¶ 6.