UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STEVEN A. WILLIAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-cv-02333-DAR |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, et al. | ) |
| | ) |
|    Defendants | ) |

## DEFENDANTS' PRE-TRIAL STATEMENT

Come now your Defendants, by and through counsel, and as and for their Pre-Trial Statement submit the following:

   1. <u>Statement of Case</u>:  Plaintiff claims personal injury resulting from a single vehicle incident which occurred on or about September 18, 2002 in which Plaintiff was a passenger in a "metro access" vehicle operated by Defendant Battles Transportation. Plaintiff was a back seat passenger in a Ford Crown Victoria when the operator of that vehicle veered to his left to avoid the wide swing of a school bus turning right in the lane next to him which caused his left tires to come in contact with the curb and rapidly deflate.

   2. <u>A Statement of Defendant Claims</u>:  Defendants have no outstanding claims against any other party, including counter-claims, cross-claims or third-party claims.

3. <u>Defenses</u>: Defendants deny Plaintiff was injured as claimed and intend to rely upon lack of proximate cause and Plaintiff's failure to mitigate damages.

4. <u>Witnesses to be Called by Defendants</u>:

   a. Danielle Battle, Battles Transportation, Inc., 1360 Okie Street, N.E., Washington, D.C. 20002. Ms. Battle is expected to testify as to the relationship between Battles Transportation, Inc. and the Co-Defendants in this case, the policy of Battles Transportation with regard to transport of passengers, and the nature and extent of damage to the vehicle in which Plaintiff was riding at the time of the accident. Direct examination of Ms. Battle should take less than one hour.

   b. McKinley Battle, Battles Transportation, Inc., 1360 Okie Street, N.E., Washington, D.C. 20002. Mr. Battle will only be called if the need arises for rebuttal or other purposes. If called, Mr. Battle would testify as to the policies and procedures of Battles Transportation pertaining to the transport of passengers such as the Plaintiff in this case and the relationship of Battles Transportation to the Co-Defendants in this case. Mr. Battle's testimony would take less than one hour.

   c. Lonnie McNair, 606 Drum Avenue, Capital Heights, MD 20743. Defendant's expect to call Mr. McNair to testify as to the occurrence of the incident giving rise to this litigation. Mr. McNair's testimony will include the circumstances which caused him to veer to the left, the nature of the contact between his vehicle's tires and the left hand curb and the subsequent

stopping of the vehicle following the deflating of the left tire(s). It is anticipated that Mr. McNair's direct testimony will take approximately one hour.

d. Margarita E. Nazdin Kullick, M.D., 1140 Barnum Street, N.E., Suite 203, Washington, D.C. 20027. Dr. Kullick will be called if necessary to establish the medical history given to her by the Plaintiff during an admission to Washington Hospital Center in September 1999 which included a history of head trauma and subsequent seizure disorder which pre-dated the accident in question by at least three years.

e. *Richard Restak, M.D., Neurology Associates, PC, 1800 R Street, N.W., Suite C-3, Washington, D.C. 20009. Dr. Restak is expected to testify within a reasonable degree of medical certainty that Mr. Williams did not sustain traumatic brain injury in the accident of September 18, 2002 and that any complaints he may have of cognitive problems are not associated with said accident. Dr. Restak will also provide a review of the medical treatment (and related medical records) pertaining to treatment rendered to Mr. Williams for a variety of medical conditions, to specifically include symptoms of head trauma and seizure disorder, all of which predate the accident of September 2002. Dr. Restak's direct testimony will take approximately two hours.

  f. Defendants may also call appropriate representatives of Washington Metropolitan Transit Authority and Logisticare Solutions if needed for rebuttal purposes.

5. Exhibits:

Defendants expect to offer the following exhibits at trial:

  a. Discharge Summary, Washington Hospital Center Department of Emergency Medicine – 9/10/1999.

  b. D.C. Ambulance Service Record – 9/18/2002.

  c. Howard University Hospital Emergency Department Record – 9/18/2002.

Defendants may offer the following exhibits if the need arises:

  d. St. Johns Hospital, Springfield, IL History and Physical Examination – 3/11/2000.

  e. Washington Hospital Center Diagnosis and Procedure form - 7/27/2001.

  f. Washington Hospital Center Discharge Summary - 7/27/2001.

  g. Washington Hospital Center Diagnosis and Procedure Form - 10/5/2001.

  h. Washington Hospital Center Discharge Summary - 10/5/2001.

  i. Washington Hospital Center nurse's note - 10/1/2001.

  j. Washington Hospital Center progress note - 10/6/2001.

  k. Memorial Medical Center records, Springfield, IL - 6/4/2001.

  l. Memorial Medical Center records, Springfield, IL - 12/31/1999.

  m. St. Johns Hospital, Springfield, IL Emergency Room Record – 11/15/1996.

  n. St. Johns Hospital, Springfield, IL Emergency Room Record – 2/27/1997.

    o. St. Johns Hospital, Springfield, IL Emergency Department Record – 3/29/1997.

    p. St. Johns Hospital, Springfield, IL Clinical Resume – Admission 1/18/1999 to 1/29/1999.

    q. St. Johns Hospital, Springfield, IL Progress Record – 1/18/1999

    r. St. Johns Hospital, Springfield, IL Consultation Report – Admission date 1/19/1999.

    s. St. Johns Hospital, Springfield, IL Emergency Report – 2/7/1999.

    t. St. Johns Hospital, Springfield, IL Progress Record – Admission 11/29/1999 to 12/4/1999.

    u. St. Johns Hospital, Springfield, IL History and Physical Examination – Admission 3/11/2000.

    v. St. Johns Hospital, Springfield, IL Clinical Resume – Admission 7/25/2000 to 8/1/2000.

    w. St. Johns Hospital, Springfield, IL, History and Physical Examination – Admission 7/25/2000

    x. St. Johns Hospital, Springfield, IL Emergency Room Report – Admission 1/4/2003

    y. St. Johns Hospital, Springfield, IL Emergency Room Report – 7/17/2003.

    z. Defendants may also offer other medical records if the need arises.

6. <u>Designation of Depositions:</u> Defendants' anticipate offering deposition testimony only for impeachment or rebuttal purposes. Defendants may also introduce the

deposition testimony of Lonnie McNair if he is unable to attend trial due to medical or other conditions.

    7. <u>Itemization of Damages:</u>  Defendants do not seek damages from any other party and further indicate Defendants have not received any itemization of damages from Plaintiff to date.

    8. <u>Request for Relief Sought:</u>  Defendants seek a dismissal of Plaintiff's claims.

Respectfully submitted,

/S/ Paul R. Pearson, Esquire
Paul R. Pearson, Esquire
D.C. Bar # 386823
Law Offices of Roger S. Mackey
14008 Park East Circle
Chantilly, VA 20151
(703) 818-6925 Telephone
(703) 818-6931 Fax
Counsel for Defendants

Certificate of Service

I HEREBY CERTIFY that on the 26th day of March, 2007, I served a copy of the foregoing Pre-Trial Statement via U.S. District Court for the District of Columbia electronic mail to:

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785

/S/ Paul R. Pearson, Esquire
Paul R. Pearson, Esquire