UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STEVEN A. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-cv-02333-DAR |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al. | ) |
| Defendants | ) |

**REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT**

COME NOW your Defendants, by and through counsel, and as and for their Reply to Plaintiff's Opposition to Defendants' Motion to Enforce Settlement state the following:

As noted by Plaintiff in his Opposition, Ms. Moran represented to defense counsel that she had indeed obtained proper authorization from Mr. Williams to settle his case. Further, as acknowledged in the Plaintiff's Points and Authorities Ms. Moran sent an e-mail to defense counsel on April 12, 2007 affirmatively stating that "Mr. Williams has authorized us to accept your offer of $12,000." See Exhibit A to Defendants' Motion to Enforce Settlement.

While Mr. Williams has now provided an Affidavit indicating that "at no time did authorize my counsel, Watson & Moran, to settle the above litigation for $12,000",

he represented to this court by telephone on June 20, 2007 that he "simply didn't remember" any discussions with his (now former) counsel about settlement.

Upon information and belief the testimony to be provided by Ms. Moran and Mr. Watson, and confirmed by Thomas Simeone, will confirm that Mr. Williams did authorize the settlement of his claim for $12,000 but then had "second thoughts".

The case of Hall v. George Washington University, (Civil Action No. 99-1136), reported at 2005 WL 1378761 (D.D.C.) 2005 appears to be dispositive in this case as well. In the Hall case Judge Lamberth notes that "it is well established that Federal District Courts have the authority to enforce settlement agreements entered into by litigants in cases pending before them". It is further noted in the opinion in that case that "an agent's actual authority to act on behalf of his or her principal is created by 'written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account.'"

As in this case Ms. Hall testified that she had authorized them, over the telephone, to settle the case which statements would clearly "constitute written or spoken words or other conduct of the principal which, reasonably interpreted…" would cause the agent to believe that the agent had authority to settle the principal's claim.

After hearing testimony from the Plaintiff and the Plaintiff's attorneys, Judge Lamberth concluded that during "fleeting moments of clarity" the Plaintiff had authorized the settlement and subsequently attempted to withdraw that authority.

2

Finally, Judge Lamberth concluded in the <u>Hall</u> case that the Defendant had established "by clear and convincing evidence the existence of a valid, enforceable settlement agreement".

It is respectfully submitted to the court that the evidentiary hearing in the instant case will likewise convince the court, by clear and convincing evidence, that Mr. Williams did indeed give Ms. Moran and Mr. Watson actual authority to settle his claim for $12,000 and subsequently "had second thoughts" and attempted to withdraw that authority.

Respectfully submitted,

/s/ Paul R. Pearson, Esquire
Paul R. Pearson, Esquire
D.C. Bar # 386823
Law Offices of Roger S. Mackey
14008 Park East Circle
Chantilly, VA 20151
(703) 818-6925 Telephone
(703) 818-6931 Fax
Counsel for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August, 2007, I served a true copy of the foregoing via CFX and/or first class mail on:

Charles Krikawa, IV, Esquire
128 C Street, N.W.
Washington, D.C. 20001

/S/ Paul R. Pearson
Paul R. Pearson, Esquire