UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. WILLIAMS,

   Plaintiff,

    v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, et al.,

   Defendants.

Civil Action No. 05-2333
DAR

**MEMORANDUM ORDER**

    Defendants' Motion to Enforce Settlement (Document No. 37) is pending for determination by the undersigned. Upon consideration of the motion; the Opposition to Defendants' Motion to Enforce Settlement filed "by and through counsel making this special appearance" (Document No. 43); Defendants' reply (Document No. 44); the evidence adduced at the evidentiary hearing conducted by the undersigned (August 24 and September 14, 2007 Minute Entries) and the entire record herein, Defendants' motion will be granted.

*Background; Evidentiary Hearing*

    The grounds offered by Defendants in support of their motion are undisputed: (1) counsel for Defendants was advised by counsel who then represented Plaintiff that Plaintiff had accepted Defendants' settlement offer; (2) Plaintiff's counsel filed a Line advising the court of the settlement; and (3) Plaintiff had not signed the Dismissal Order and Release prepared by

Williams v. WMATA, et al.                                                                                                           2

Defendants' counsel.  *See* Motion to Enforce Settlement at 1-2.

The opposition to Defendants' motion was filed by Charles Krikawa, IV, Esquire, who states that "Plaintiff Williams has requested [that he] enter a special appearance to oppose the Motion to Enforce Settlement."  Opposition at 1.[1]  Mr. Krikawa, as grounds of the opposition, represented that at the time Plaintiff's then-counsel of record advised that she had the authority of her client to settle the case, "[Plaintiff] had been committed to a psychiatric ward at Northwestern Memorial Hospital in Chicago, Illinois."  Opposition at 1.  Relying upon an affidavit signed by Plaintiff and attached as an exhibit to the opposition, Mr. Krikawa asserts that "[Plaintiff] denies he ever gave consent to settle his case for the sum recited [by his former counsel.]" Points and Authorities in Opposition to Defendants' Motion to Enforce Settlement at 4; Plaintiff's Exhibit 2.

Defendants, in their reply, observe that Mr. Krikawa's assertion that Plaintiff did not consent to settle his case "for the sum recited" is inconsistent with Plaintiff's own statement to the court, when Plaintiff appeared by telephone at a June 20, 2007 status conference, that he did not remember any discussions with his former counsel regarding a settlement.  Reply at 2.

The record reflects that at the June 20, 2007 status hearing, Plaintiff stated, when asked what he meant when he wrote that "I know nothing about a settlement[,]" that

> I mean that I was in psychiatric under heavy sedation, taking
> a lot of medication.  I sent the Court my medical, my medical
> papers for my discharge, and at the time I was under too much

---

[1] Before Mr. Krikawa filed the opposition, Plaintiff wrote a letter to the court in which he requested a continuance of the proceedings with respect to enforcement of the settlement agreement "so that I may procure representation." June 14, 2007 Letter (Document No. 42) at 1. On the date that the undersigned directed the Clerk to file the letter, Plaintiff's counsel of record filed a motion for leave to withdraw as counsel. *See* Motion to Withdraw as Counsel (Document No. 41) at 1-2. The undersigned granted counsel's motion for leave to withdraw on July 31, 2007. *See* July 31, 2007 Minute Entry.

Williams v. WMATA, et al.                                                                                                  3

medication to remember anything about the settlement, ma'am.

Transcript of Hearing (Document No. 45) at 24-25.

During the evidentiary hearing, Defendants offered the testimony of Plaintiff's former counsel, who stated that they had at least three conversations regarding the settlement offer with Plaintiff while Plaintiff was hospitalized, and that he was able to discuss the settlement proposal; that Plaintiff was "lucid and alert" during their conversations; that Plaintiff authorized them to settle the action for the sum of $12,000; and that Plaintiff never rescinded the authority for his counsel to do so.[2]

Mr. Krikawa offered no evidence other than the testimony of Plaintiff.  Plaintiff denied speaking with his prior counsel while he was hospitalized, and denied giving his prior counsel authority to settle this action.

*Discussion*

"It is well established that federal district courts have the authority to enforce settlement agreements entered into by the litigants in cases pending before them." *Hall v. George Washington University,* No. CIV.A. 99-1136, 2005 WL 1378761, at *3 (D.D.C. May 13, 2005) (citation omitted); *see also Ulliman Schutte Const., LLC v. Emerson Process Mgt. Power & Water Solutions,* No. CIV.A. 02-1987, 2007 WL 1794105 at *3 (D.D.C. June 19, 2007).  This court has held that "[a]n action to enforce a settlement agreement is, at bottom, an action seeking the equitable remedy of specific performance of a contract[,]" and that "[t]his is the case even

---

[2] Defendants' counsel also called Thomas Simeone, Esquire, a lawyer with whom Plaintiff conferred at some point.  *See* Reply to Plaintiff's opposition to Defendants' Motion to Enforce Settlement at 2.  However, Mr. Simeone asserted the attorney-client privilege and refused to offer testimony.

Williams v. WMATA, et al.                                                                                                                  4

where, as here, the opposing party disputes certain facts related to the formation of the settlement contract." *Hall,* 2005 WL 1378761, at *3 (citations omitted).

The undersigned has carefully considered the propositions advanced by Mr. Krikawa that Plaintiff did not authorize his prior counsel to settle this action for the sum of $12,000, and that Plaintiff's hospitalization warrants the conclusion that Plaintiff either did not, or could not, authorize his counsel to settle his case. However, the undersigned finds, for the reasons offered by counsel for Defendants on the record at the evidentiary hearing, that Mr. Krikawa has failed to offer evidence in support of either of these propositions.[3] The undersigned finds that the only reasonable inference which can be drawn from the limited evidence offered by Mr. Krikawa is that Plaintiff now has misgivings about his acceptance of the Defendants' proposal.[4] It is settled that such misgivings do not constitute grounds for relieving a party of his obligations to comply with the terms of an agreement which he entered. *See, e.g., Ulliman Schutte Const., LLC,* 2007 WL 1794105, at * 7 (citation omitted) ("A party cannot avoid the effects of a valid oral settlement agreement because of second thoughts[.]"; *Greene v. Rumsfeld*, 266 F. Supp. 2d 125, 137 (D.D.C. 2003) (a "change of heart" of a party to a settlement agreement is not a basis upon which to relieve the party of his obligations under the terms of the agreement).

---

[3] While Mr. Krikawa, in his opposition to Defendants' Motion to Enforce Settlement, states that the "medical record" in his possession "casts doubt on the authorization [to settle this action]" (*see* Points and Authorities in Opposition to Defendants' Motion to Enforce Settlement at 3-4), Mr. Krikawa made no effort to introduce the "medical record" into evidence; nor did Mr. Krikawa offer the testimony of any health care provider or family member who treated or observed Plaintiff during the relevant period.

[4] *See, e.g.,* Points and Authorities in Opposition to Defendants' Motion to Enforce Settlement at 4 ("Understandably, Mr. William [sic] desires to be fully compensated for the injuries and damages he suffered in the December 18, 2002 collision."). Mr. Krikawa offered no evidence in support of the virtually slanderous argument at the close of the evidentiary hearing that Plaintiff's former counsel wished to settle this action "by hook or crook."

Williams v. WMATA, et al.                                                                                                             5

*Conclusion*

    For all of the foregoing reasons, it is, this 26th day of March, 2008,

    **ORDERED** that Defendants' Motion to Enforce Settlement (Document No. 37) is **GRANTED,** and that within 30 days of the date of this Memorandum Order, Plaintiff shall sign and return the release; and it is

    **FURTHER ORDERED** that upon the return of the release to Defendants' counsel, this action shall be dismissed with prejudice.

.

March 26, 2008                                                   /s/
                                                           DEBORAH A. ROBINSON
                                                           United States Magistrate Judge